IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND HUSMAN,

    Plaintiff,                                           06cv1646

                                                      **ELECTRONICALLY FILED**

    v.

ALLSTATE INSURANCE COMPANY,
STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendants.

## MEMORANDUM ORDER

Before the Court are defendants' motions to dismiss plaintiff's amended complaint (doc. nos. 35 and 37) pursuant to Fed. R. Civ. P. 9(g) and 12, and plaintiff's response in opposition thereto (doc. nos. 39). Defendants argue again that Count I should be stricken as redundant, that Counts II and III should be dismissed for failure to specifically plead, and that Count IV should be dismissed because no separate cause of action exists for punitive damages under Pennsylvania law.

Federal Rule of Civil Procedure 8(a) requires a pleading to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has clarified the purpose of the rule, stating that the "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." <u>Caldon, Inc. v. Peerless Ins.</u>, 2007 WL 504895 (3d Cir. 2007), quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 48 (1957).

However, just as a pleading must "be construed as to do substantial justice," a plaintiff

generally need not explicitly allege the existence of every element in a cause of action if fair notice of the transaction is given and the complaint sets forth the material points necessary to sustain recovery. This is particularly true if the material deficiencies in the complaint stem from nothing more than inartful pleading - the precise sort of pleading as a highly developed form of art that the federal rules sought to abandon. Id., citing Menkovitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124-25 (3d Cir. 1998).

With the above standards of review in mind, this Court will deny defendants' motions to dismiss. Although defendants are technically correct that under Pennsylvania law, Nix v. Temple University, 596 A.2d 1132 (Pa. Super. 1991), punitive damages are typically plead as merely incidental to a cause of action, and not as a separate cause of action in and of itself, in the interests of efficiency and judicial economy, this Court will not elevate form over substance because to do so, would require plaintiff to again amend his complaint, thus subjecting the parties to yet another round of motions to dismiss. Moreover, whether plead as a separate cause of action or merely appended to the prayer for relief is not material to the merits of the case.

**AND NOW, this 7th day of March, 2007,** after due consideration of defendants' motions to dismiss the amended complaint, plaintiff's response thereto, and the memoranda of law in support and in opposition thereto, **IT IS HEREBY ORDERED** that defendants' motions to dismiss the amended complaint (Document Nos. 35 and 37) **are DENIED**.

                                                s/Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:     All counsel of record